UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JARRE DEON HYMES,

     Petitioner,

v.                                                    Case No. 8:22-cv-2922-KKM-UAM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

## ORDER

Hymes, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Upon consideration of the petition, (*id.*), and the response opposing the petition as time-barred, (Doc. 5), the petition is dismissed as time-barred.[1] Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

## I.   BACKGROUND

A state court jury convicted Hymes of possession of cannabis, possession of cannabis with intent to sell, trafficking in hydrocodone, and possession of drug paraphernalia. (Doc. 5-2, Ex. 3.) Hymes pleaded no contest to a charge of possession of a firearm or ammunition

_____

[1] Hymes did not file a reply.

by a convicted felon. (Doc. 5-2, Ex. 4.) The state trial court sentenced Hymes to 15 years

in prison for trafficking in hydrocodone, 5 years for possession of cannabis with intent to

sell or deliver, 3 years and 6 months for possession of firearm or ammunition, and time

served for possession of paraphernalia. (Doc. 5-2, Exs. 5 & 6.)[2] The sentencing order stated

that these sentences were to run concurrently. (*Id.*) The state appellate court per curiam

affirmed the convictions and sentences. (Doc. 5-2, Ex. 9.)

Hymes's motion to mitigate his sentence, filed under Florida Rule of Criminal

Procedure 3.800(c), was denied. (Doc. 5-2, Exs. 10 & 11.) The state court also denied his

two motions to correct an illegal sentence under Florida Rule of Criminal Procedure

3.800(a) and his motion for postconviction relief under Florida Rule of Criminal Procedure

3.850. (Doc. 5-2, Exs. 14, 16, 21, 22, 27 & 28.) The state appellate court per curiam

affirmed the denial of Hymes's Rule 3.800(a) and Rule 3.850 motions. (Doc. 5-2, Exs. 19,

25 & 31.)

## II.    THE PETITION'S UNTIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this

proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the

---

[2] Hymes was charged with and convicted of possession of cannabis as an offense separate from the charge of possession of cannabis with intent to sell or deliver. (Doc. 5-2, Exs. 2 & 3.) But the charge of possession of cannabis is not listed on the sentencing order, and it is not apparent from the record before the Court whether these two offenses were merged at the time of sentencing.

AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

The state appellate court per curiam affirmed Hymes's convictions and sentences on April 25, 2018. (Doc. 5-2, Ex. 9.) His judgment became final 90 days later, on July 24, 2018, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

Hymes's AEDPA limitation period began running the next day, July 25, 2018. After one day of untolled time elapsed, on July 26, 2018, Hymes filed a motion to mitigate his sentence under Florida Rule of Criminal Procedure 3.800(c). (Doc. 5-2, Ex. 10.) This motion tolled the limitation period until it was denied on August 7, 2018. (Doc. 5-2, Ex. 11.) Because the denial of this motion was not appealable, Hymes's AEDPA limitation period began running again the next day, August 8, 2018. *See Spaulding v. State*, 93 So.3d 473, 474 (Fla. 2d DCA 2012) ("It is well established that an order denying a motion under rule 3.800(c) is not appealable.").

Another 259 days of untolled time passed before Hymes filed his first motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a) on April 24, 2019. (Doc. 5-2, Ex. 14.) That motion remained pending until the state appellate court's mandate issued on April 29, 2020. Doc. 5-2, Ex. 20.) Hymes had 105 days remaining on his AEDPA limitation period, meaning that his § 2254 petition was due by August 12, 2020. Hymes did not further toll the AEDPA limitation period by filing any other postconviction motions before August 12, 2020. Accordingly, the AEDPA limitation period expired that day and Hymes's § 2254 petition, filed on December 10, 2022, is untimely under 28 U.S.C. § 2244(d)(1)(A). (Doc. 1, p. 36.) The collateral motions Hymes filed after August 12, 2020, did not revive the AEDPA limitation period. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.' " (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))).

The Court notes that on October 23, 2018, the state trial court directed the Clerk to enter an amended sentencing order to correct a scrivener's error. (Doc. 5-2, Ex. 12.) This order was entered in response to a letter from the Department of Corrections requesting clarification about whether the sentences for counts 4 and 5 (possession of cannabis with intent to sell and trafficking in hydrocodone) were to run concurrently, as

stated in the sentencing order, or consecutively, as stated in the "memo of the sentence." (*Id.*) The state trial court found, after reviewing the case file and a digital recording of the sentencing hearing, that the written sentencing order contained a scrivener's error and directed the Clerk to prepare an amended sentencing order reflecting that the sentences for counts 4 and 5 were to run consecutive "to reflect the Court's pronouncement" of the sentence. (Doc. 5-2, Ex. 12.)[3]

If the amened sentencing order, entered on October 26, 2018, resulted in a new judgment that restarted the AEDPA limitation period, then Hymes's § 2254 petition would be timely. Because Hymes did not appeal, a new judgment would have become final 30 days later, on November 26, 2018. *See Mondeja v. State*, 241 So.3d 907, 908 (Fla. 2d DCA 2018) ("Where a defendant does not file a direct appeal, the judgment and sentence become final thirty days after rendition.").[4] Hymes's AEDPA limitation period would have started running on November 27, 2018. One hundred forty-eight days of untolled time would have passed before Hymes filed his first Rule 3.800(a) motion to correct an illegal sentence on April 24, 2019. (Doc. 5-2, Ex. 14.) As stated above, that motion was pending until April 29, 2020. (Doc. 5-2, Ex. 20.) After another 208 days of untolled time, Hymes

---

[3] *See Bryant v. State*, 301 So.3d 352, 353 (Fla. 2d DCA 2020) ("When a conflict exists between the trial court's oral pronouncement of sentence and the written sentencing documents, the oral pronouncement controls. . . . The error in the written documents constitutes a scrivener's error that must be corrected . . . .").

[4] The thirtieth day, November 25, 2018, was a Sunday. Therefore, Hymes had until Monday, November 26, 2018, to file a notice of appeal. *See* Fla. R. App. P. 9.010; Fla. R. Jud. Admin. 2.514(a)(1)(C).

filed his Rule 3.850 motion for postconviction relief on November 24, 2020. (Doc. 5-2, Ex. 21.) That motion remained pending until the June 8, 2022 issuance of the state appellate court's mandate. (Doc. 5-2, Ex. 26.) Before that date, on May 5, 2022, Hymes filed his construed second motion to correct an illegal sentence under Rule 3.800(a), which remained pending until the state appellate court's mandate issued on December 12, 2022— two days after Hymes filed his § 2254 petition. (Doc. 5-2, Exs. 27 & 32.) A total of 356 days of untolled time would have elapsed.

But the amended sentencing order did not result in a new judgment that restarted the AEDPA limitation period because it only corrected a scrivener's error. In determining whether a new judgment has been entered, "[t]he relevant question is not the magnitude of the change, but the issuance of a new judgment *authorizing* the prisoner's confinement." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326-27 (11th Cir. 2017). In *Patterson*, no new judgment was entered when the state trial court "did not vacate Patterson's sentence and replace it with a new one", did not "direct the Department of Corrections to hold Patterson or perform any affirmative act", and did not "issue a new judgment authorizing Patterson's confinement." *Id.* at 1324-27; *see also Booth v. Sec'y, Fla. Dep't of Corr.*, 729 F. App'x 861, 862-63 (11th Cir. 2018) (holding that the state court did not enter a new judgment when its order made a "ministerial correction" to Booth's sentence to show that his sentences ran concurrently, not consecutively, but did

6

not authorize Booth's confinement or vacate his sentence and replace it with a new sentence). The amended sentencing order did not authorize Hymes's confinement or vacate his sentence and issue a new sentence. It therefore did not result in a new judgment that restarted the AEDPA limitation period.

Hymes does not allege that he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010). Nor does he assert that the Court may consider his untimely petition on the basis that new evidence shows his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). Hymes's petition is dismissed as time-barred.

## III.   CERTIFICATE OF APPEALABILITY

Hymes is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Hymes must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Hymes cannot satisfy the second prong of the *Slack* test. As Hymes is not entitled to a COA, he is not entitled to appeal in forma pauperis.

Therefore, the Court **ORDERS** that Hymes's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Hymes and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on November 6, 2023.

Kathryn Kimball Mizelle
United States District Judge